FILED

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
TAMPA, FLORIDA
JAN 1 2 2006
THOMAS K. KAHN
CLERK

No. 05-16855-A

Dist. Ct. Dkt. No. 04-01306-CV-T-17-EAJ

IN RE:

WILFREDO VASQUEZ,

Petitioner.

On Petition for Writ of Mandamus to the
United States District Court for the
Middle District of Florida

**ORDER:**

Wilfredo Vasquez, a federal prisoner proceeding pro se, moves to file this mandamus petition in forma pauperis ("IFP"), requesting that this Court (1) direct the district court to vacate its order denying his request for a certificate of appealability ("COA") on his motion to vacate, set aside, or correct sentence, 28 U.S.C. § 2255, and (2) afford him adjudication on the merits by both the district court and this Court.

Vasquez seeks to file his petition IFP pursuant to 28 U.S.C. § 1915(a), which provides that any court of the United States may authorize the commencement of a proceeding without prepayment of fees by a person who submits an affidavit that includes a statement of assets that the person

possesses, and indicates that the person is unable to pay such fees. The court, however, may dismiss the action at any time if it determines that the allegation of poverty is untrue or the action or appeal is frivolous. See 1915(e)(2)(A) & (B). In this case, Vasquez has established poverty by way of an affidavit of indigency. As discussed below, however, his mandamus petition is frivolous.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir. 1997). The petitioner has the burden of showing that he has no other avenue of relief, and that his right to relief is clear and indisputable. See Mallard v. United States Dist. Court, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

This Court already has determined that Vasquez's appeal of the district court's order denying him § 2255 relief is without merit. Vasquez has no right to relitigate via mandamus the propriety of the district court's judgment or this Court's decision. Because Vasquez has not shown that he has a clear and indisputable right to the issuance of the writ, mandamus relief is unavailable. Accordingly, the mandamus petition is frivolous, and the motion to file the petition IFP is **DENIED**. See 28 U.S.C. § 1915(e)(2)(B)(i).

UNITED STATES CIRCUIT JUDGE

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

RECEIVED

06 JAN 17 PM 1:48

For rules and forms visit
www.ca11.uscourts.gov

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

January 12, 2006

Wilfredo Vasquez (17042-054)
USP Coleman
PO BOX 1033
COLEMAN  FL  33521-1033

**Appeal Number: 05-16855-A**
Case Style: In Re: Wilfredo Vasquez
District Court Number: 04-01306 CV-T-17-EAJ

The following action has been taken in the referenced case:

The enclosed order has been ENTERED.

Pursuant to Eleventh Circuit Rule 42-1(b) you are hereby notified that upon expiration of fourteen (14) days from this date, this petition will be dismissed by the clerk without further notice unless you pay to the clerk of this court a total fee of $250. See I.O.P. 1, Payment of Fees, following FRAP 15.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Deborah Owens (404) 335-6180

MOT-2 (12-2005)